SEALED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **Criminal No.** 12cr10291 |
| **Plaintiff,** ) | |
| **v.** ) | **Violations:** |
| ) | **26 U.S.C. § 7212(a) (Corruptly** |
| ) | **Endeavoring to Impede the IRS)** |
| **GARY BOYAR** ) | **26 U.S.C. § 7201 (Tax Evasion)** |
| ) | **26 U.S.C. § 7206(1) (False Returns)** |
| **Defendant.** ) | |

## INDICTMENT

### THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all relevant times:

1.    GARY BOYAR was a resident of Charlestown, Massachusetts.

2.    Suffolk Downs was a thoroughbred horse racing track located in East Boston, Massachusetts. Suffolk Downs conducted para-mutuel betting, a type of wagering in which the track has no financial interest in who wins any given race, and in which the odds are calculated based on the amount of money wagered by the gamblers. Suffolk Downs takes bets on races occurring at its track, as well as races occurring at other tracks through simulcast.

3.    The Internal Revenue Service of the Department of Treasury ("IRS") is an agency of the United States government responsible for the collection of federal income taxes.

4.    According to the Internal Revenue Code, gambling winnings, including those from horse racing bets, are fully taxable and must be reported on a gambler's Form 1040, U.S. Individual Income Tax Return ("income tax return").

5. A payer, such as Suffolk Downs, is required by the Internal Revenue Code to issue a Form W-2G, Certain Gambling Winnings, to a gambler if the gambler receives, among other types of winnings, $600 or more in gambling winnings (except winnings from bingo, keno, and slot machines), provided the payout is at least 300 times the amount of the wager. A winning ticket that would trigger the issuance of a Form W-2G is informally referred to by gamblers as an "IRS ticket." In addition to issuance of a Form W-2G, if an IRS ticket is for winnings greater than $5,000, a payer is required to withhold and pay over to the IRS taxes in the amount of 25% of the winning ticket value. No such withholding is required for an IRS ticket with winnings less than $5,000.

6. At Suffolk Downs, there are specified windows at which an individual may cash an IRS ticket, and fill out a Form W-2G. These windows are informally referred to by gamblers as "IRS windows."

7. Form W-2G requires the gambler to provide, among other items, a name, address, and taxpayer identification number. Form W-2G also requires the gambler to sign the forms under the penalties of perjury.

8. The payer is required to furnish copies of the Form W-2G to the gambler, and to file a copy of the Form W-2G with the IRS. Suffolk Downs filed its Forms W-2G with the IRS electronically, gave copies to the gambler, and then retained the original, signed copy.

2

## Boyar's "Ten-Percenting" Activity

9.      "Ten-percenting" is a practice occurring at some gambling establishments whereby a gambler arranges for another individual to cash the gambler's IRS ticket, so that the gambler can avoid taxes on the winnings. This practice is dubbed "ten-percenting" because the fee the individual who cashes the ticket charges for the service is usually approximately ten percent of the proceeds of the ticket.

10.     Between on or about June 5, 2004 and March 3, 2006, BOYAR repeatedly cashed the IRS tickets of others in exchange for a portion of the ticket proceeds.

11.     BOYAR signed and caused the submission of a Form W-2G for each IRS ticket that he cashed, falsely attesting that he was the only person entitled to any part of the winnings. Each Form W-2G signed by BOYAR reflected his correct name and address. However, BOYAR used his deceased father's social security number on the Forms W-2G, in an attempt to further obstruct the IRS.

12.     During the calendar year 2004, BOYAR signed approximately 513 Forms W-2G at Suffolk Downs reflecting approximately 552 winning IRS tickets. The total amount of winnings from these tickets was approximately $599,397.25. Each of these Forms W-2G reflected BOYAR's correct name and address, and the social security number of his deceased father.

13.     During the calendar year 2005, BOYAR signed approximately 985 Forms W-2G at Suffolk Downs reflecting approximately 1,031 winning IRS tickets. The total amount of winnings from these tickets was approximately $1,174,202.95. Each of these Forms W-2G reflected BOYAR's correct name and address, and the social security number of his deceased

3

father.

14.     Between January 1, 2006 and March 3, 2006, BOYAR signed approximately 215 Forms W-2G at Suffolk Downs reflecting approximately 240 winning IRS tickets. The total amount of winnings from these tickets was approximately $260,773.35. Each of these Forms W-2G reflected BOYAR's correct name and address, and the social security number of his deceased father.

### Boyar's Income Tax Filing History

15.     Despite earning substantial income, BOYAR did not file any 2005 income tax return.

16.     Despite earning substantial income, BOYAR did not file any 2006 income tax return.

17.     On or about December 29, 2008, BOYAR filed a 2004 income tax return with the IRS. On this income tax return, BOYAR reported wage income of only $5,500. BOYAR did not report any income obtained from gambling or income earned from ten-percenting. The filed income tax return claimed a refund from the IRS of $591.74.

18.     On or about March 2, 2010, BOYAR made false statements to an employee of the IRS regarding BOYAR's role of cashing IRS tickets and his practice of filing Forms W-2G using his deceased father's social security number. BOYAR also falsely denied ever going to Suffolk Downs.

4

## COUNT ONE
### (Corruptly Endeavoring to Obstruct and Impede
### the Due Administration of the Internal Revenue Laws)

#### The Corrupt Endeavor to Obstruct and Impede

19.     Paragraphs 1 through 18 are hereby realleged and incorporated as if set forth fully

herein.

20.     Beginning on or about June 5, 2004, the exact date being unknown to the Grand

Jury, and continuing thereafter up to on or about March 2, 2010, in the District of Massachusetts,

## GARY BOYAR

did corruptly endeavor to obstruct and impede the due administration of the internal revenue

laws.

All in violation of 26 U.S.C. § 7212(a)

5

## COUNT TWO
### Tax Evasion - 2005

21.    Paragraphs 1 through 11, 13, 15, and 18 are hereby realleged and incorporated as if set forth fully herein.

22.    On or about January 1, 2005 through on or about March 2, 2010, in the District of Massachusetts and elsewhere,

## GARY BOYAR

a resident of Charlestown, Massachusetts, did willfully attempt to evade and defeat a portion of the income tax due and owing to the United States for the tax year 2005 by failing to make an income tax return on or before April 17, 2006, as required by law, and by:

a.    signing and causing the submission of approximately 985 false Forms W-2G reflecting the social security number of his deceased father; and

b.    on or about March 2, 2010, making false statements to an employee of the Internal Revenue Service regarding his attendance at Suffolk Downs and denying that he had cashed IRS tickets and had filled out Forms W-2G using his deceased father's social security number.

All in violation of Title 26, United States Code, Section 7201.

6

## COUNT THREE
### Tax Evasion - 2006

23.     Paragraphs 1 through 11, 14, 16, and 18 are hereby realleged and incorporated as if set forth fully herein.

24.     On or about January 1, 2006 through on or about March 2, 2010, in the District of Massachusetts and elsewhere,

### GARY BOYAR

a resident of Charlestown, Massachusetts, did willfully attempt to evade and defeat a portion of the income tax due and owing to the United States for the tax year 2006 by failing to make an income tax return on or before April 17, 2007, as required by law, and by:

a.     signing and causing the submission of approximately 215 false Forms W-2G reflecting the social security number of his deceased father; and

b.     on or about March 2, 2010, making false statements to an employee of the Internal Revenue Service regarding his attendance at Suffolk Downs and denying that he had cashed IRS tickets and had filled out Forms W-2G using his deceased father's social security number.

All in violation of Title 26, United States Code, Section 7201.

## COUNT FOUR
**Fraud and False Statement**

25.     Paragraphs 1 through 12, 17, and 18 are hereby realleged and incorporated as if set forth fully herein.

26.     On or about December 29, 2008, in the District of Massachusetts, the defendant

## GARY BOYAR

did willfully make and subscribe a 2004 Form 1040EZ Income Tax Return for Single and Joint Filers With No Dependents, which was verified by a written declaration that it was made under the penalties of perjury and which BOYAR did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Director, Internal Revenue Service Center, at Andover, Massachusetts, reported that BOYAR had adjusted gross income of $5,500, whereas, as he then and there knew and believed, he had received substantially more than $5,500 in adjusted gross income.

All in violation of 26 U.S.C. § 7206(1).

8

A TRUE BILL

FOREPERSON OF THE GRAND JURY

DEPARTMENT OF JUSTICE TRIAL ATTORNEY

DISTRICT OF MASSACHUSETTS; September 13, 2012.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK          11:20 Am

9/13/12